```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
COPPER LEAF LLC,                    :
                                    :
                    Plaintiff,      :       No. 18 Civ. 6377 (JFK)
                                    :
     -against-                      :       OPINION & ORDER
                                    :
BELIZE INFRASTRUCTURE FUND          :
I, LLC, BRENT BORLAND, and          :
MARCO CARUSO                        :
                                    :
                    Defendants.     :
-----------------------------------X
```

**JOHN F. KEENAN, United States District Judge:**

On February 9, 2022, the Court held oral argument on Defendant Marco Caruso's ("Caruso") Motion to Vacate a Default Judgment (ECF No. 88) entered against him on December 20, 2018. At oral argument, Caruso requested that the Court hold an evidentiary hearing on his motion. Plaintiff Copper Leaf LLC ("Copper Leaf") opposed Caruso's request, arguing that an evidentiary hearing was unnecessary because Caruso's motion is meritless. The Court disagrees.

**I.  Background**

The default judgment at issue relates to Copper Leaf's 2018 lawsuit against Caruso, Brent Borland ("Borland"), and Belize Infrastructure Fund I, LLC ("Belize Fund"). In its Complaint (ECF No. 1), Copper Leaf asserted breach of contract claims against the defendants based on their failure to make loan repayments in accordance with a Guarantee Agreement ("Guarantee

1

Agreement") signed by both Borland and Caruso. As relevant here, the Guarantee Agreement included a forum selection clause, which subjected the signatories of the agreement to personal jurisdiction in New York. After Caruso failed to answer or otherwise respond to the complaint, the Court entered a Final Judgment of Default ("Default Judgment") against him on December 20, 2018. (ECF Nos. 79, 80.)

On May 24, 2021, Caruso filed the instant motion to vacate the Default Judgment. (ECF No. 88.) In his motion, Caruso argues that the Default Judgment is void under Federal Rule of Civil Procedure 60(b)(4) because the Court lacked personal jurisdiction over him at the time the Default Judgment was entered. Specifically, Caruso contends that his signatures on the Guarantee Agreement were "forged" by his co-defendant Brent Borland. According to Caruso, Borland placed "computerized images" of his signature on the Guarantee Agreement without his knowledge or consent. (Id.) Caruso argues that because he never signed the document, he never consented to personal jurisdiction in New York and, as a result, the Default Judgment must be set aside for want of personal jurisdiction. In response, Copper Leaf contends that Caruso's motion should be denied because Caruso authorized Borland to place his electronic signature on the Guarantee Agreement. (ECF Nos. 90, 107.)

**II.  Discussion**

At oral argument, the Court proposed that an evidentiary hearing be held in order to further develop the factual record. Copper Leaf's counsel opposed the Court's recommendation and argued that the Court cannot, as a matter of law, hold an evidentiary hearing in this matter because Caruso is incapable of prevailing under Rule 60(b)(4). In support of this argument, Copper Leaf's counsel cited the Second Circuit's recent decision in Sec. & Exch. Comm'n v. Romeril, 15 F.4th 166 (2d Cir. 2021), and argued that Caruso's motion must be denied because Caruso cannot establish that there was "'no arguable basis upon which [the court] could have rested a finding that it had jurisdiction." Romeril, 15 F.4th at 171 (quoting Cent. Vt. Pub. Serv. Corp. v. Herbert, 341 F.3d 186, 190 (2d Cir. 2003)). Quoting from Caruso's Reply Memorandum of Law, Copper Leaf's counsel asserted that an "arguable basis" for jurisdiction existed because "[d]ue to the presence of the forum selection clause[] in the [Guarantee Agreement], [the] Court would have had personal jurisdiction over Caruso, had Caruso actually signed or authorized [the] signing of the documents." (ECF No. 103.)

Confusingly, Copper Leaf's counsel appears to argue that the Court had an "arguable basis" for jurisdiction because, at the time the default judgment was entered, Caruso's signature was on the Guarantee Agreement. Caruso's motion, however, is

3

predicated entirely on his claim that his signature was "forged" by Borland.  Because the Guarantee Agreement was the only basis upon which the Court could have exercised personal jurisdiction over Caruso, the Default Judgment is void for want of jurisdiction if Caruso can establish that he never signed or authorized the signing of the Guarantee Agreement.  See Local 78, Asbestos, Lead & Hazardous Waste Laborers, AFL-CIO v. Termon Construction, Inc., 01 Civ. 5589, 2003 WL 22052872 (JGK), at *2 (S.D.N.Y. Sept. 2, 2003) ("A judgment obtained in the absence of personal jurisdiction is void within the meaning of Rule 60(b)(4)"); see also Herbert, 341 F.3d at 189 ("[t]he district court has no discretion in ruling on a 60(b)(4) motion, the judgment is either void or it is not").  Accordingly, Copper Leaf's argument in opposition to the proposed evidentiary hearing is entirely meritless.

As the Second Circuit has recognized, in the Rule 60(b) context, evidentiary hearings should be held to decide disputes concerning "material issues of fact."  Flaks v. Koegel, 504 F.2d 702, 712 (2d Cir. 1974); cf. Puglisi v. United States, 586 F.3d 209, 213 (2d Cir. 2009) (noting that "[i]f material facts are in dispute" a court should usually hold an evidentiary hearing).  In such circumstances, "a judge should not resolve factual disputes on affidavits or depositions, for then he is merely showing a preference for 'one piece of paper to another.'"

Koegel, 504 F.2d at 712 (quoting Dopp v. Franklin National Bank, 461 F.2d 873, 879 (2d Cir. 1972)).  With these principles in mind, the Court concludes that an evidentiary hearing on Caruso's Motion to Vacate the Default Judgment is warranted. The Court hereby ORDERS the parties to appear, in-person, for an evidentiary hearing pursuant to Federal Rule of Civil Procedure 43(e) on April 20, 2022, at 11:15 A.M. in Courtroom 20C.

**SO ORDERED.**

Dated: New York, New York
       February 10, 2022

/s/ John F. Keenan
John F. Keenan
United States District Judge